IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> C.R. ENGLAND, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND** <br><br> Case No: 2:02 CV 950 TS <br><br> District Judge Ted Stewart <br><br> Magistrate Judge David Nuffer |

Defendant C. R. England, Inc., (England) seeks to "amend its answer to add a single affirmative defense of offset."[1]  England claims that the issue has been developed in discovery and that its inclusion "as a defense would not result in any prejudice to plaintiffs" but "would ensure a full and fair trial on the merits."[2]  Plaintiffs claim, however, that they "will be seriously prejudiced by the addition of Defendant's claims at this late stage . . . ."[3]

**Nature of the Case**

Five individual plaintiffs, formerly drivers for the Defendant trucking company, and an association of drivers, seek "declaratory, injunctive and monetary relief"[4] for themselves and a

---

[1]     C. R. England's Motion for Leave to Amend its Answer at 1, docket no. 136, filed August 9, 2005.

[2]     *Id.* 1-2.

[3]     Memorandum in Opposition to Defendant's Motion for Leave Amend its Answer (Opposition Memorandum) at 1, docket no. , filed August 19, 2005.

[4]     Amended Complaint, docket no. 100, filed March 21, 2005.

class of other drivers.[5]  The Plaintiffs were parties to leases with Defendant England, and they claim:

1.      The leases violate federal regulations by omitting certain required provisions[6] and by including certain prohibited provisions;[7]

2.      England improperly administered escrow accounts of driver funds,[8] making inappropriate "offsets"[9] of such things as "inflated repair costs;"[10] failing "to provide an accounting of the escrow fund;"[11] and failing to "return escrow funds"[12] to Plaintiffs.

3.      England made improper charge-backs against Plaintiffs' compensation,[13] including charges for fuel without passing on rebates;[14] transaction charges that exceed those of the transaction provider;[15] excessive charges for insurance,[16] repairs and

---

[5]      The class was certified by an order filed August 29, 2005, docket no. 141.

[6]      Amended Complaint ¶ 34. a. at 10.

[7]      *Id.* ¶ 34. b. at 10-12.

[8]      Count II, Amended Complaint ¶¶ 37-49.

[9]      *Id.* ¶ 42.

[10]      *Id.* ¶ 45.

[11]      *Id.* ¶ 46.

[12]      *Id.* ¶ 47.

[13]      *Id.* ¶ 50-69.

[14]      *Id.* ¶¶ 52-55.

[15]      *Id.* ¶ 56.

[16]      *Id.* ¶ 60.

maintenance;[17] mark-ups for parts or shop overhead;[18] charges for taxes that did

not include refunds and credits[19] and were in excess of the actual taxes paid;[20] and

charge-backs for items that are not enumerated in the agreements.[21]  Further,

England allegedly failed to disclose the charge-back amounts in the agreements[22]

and failed to provide proper documentation of these charge-backs.[23]

4.     England impermissibly required Plaintiffs to purchase certain services from

England,[24] including insurance,[25] administrative services,[26] satellite

communications services,[27] and fuel tax reporting and filing services.[28]

5.     England improperly deducted truck lease payments payable to a related company

from Plaintiffs compensation.[29]

---

[17]     *Id.* ¶ 61.

[18]     *Id.* ¶ 62.

[19]     *Id.* ¶ 65.

[20]     *Id.* ¶ 66.

[21]     *Id.* ¶ 68.

[22]     *Id.* ¶¶ 58, 63, 64.

[23]     *Id.* ¶¶ 58, 64, 67.

[24]     *Id.* ¶¶ 70-79.

[25]     *Id.* ¶ 72.

[26]     *Id.* ¶ 73.

[27]     *Id.* ¶ 75.

[28]     *Id.* ¶ 77.

[29]     *Id.* ¶¶ 80-83.

6.    England violated federal regulations regarding insurance by unilaterally increasing

insurance charges[30] and failing to provide certificates of insurance[31] or policy

copies.[32]

The prayer for relief calls for

a.    judgments *declaratory* of the impermissible nature of the lease

provisions;[33]

b.    *injunctions* against England's operations until the agreements are legally

compliant,[34] against future law violations,[35] and against retaliation;[36]

c.    *orders* that England provide all required insurance information[37] and an

*accounting* of all transactions related to Plaintiffs;[38]

d.    entry of judgment for *damages,*[39] and establishment of a common fund for

damages amounts, funded by England;[40] and

---

[30]    *Id.* ¶ 85.

[31]    *Id.* ¶ 86.

[32]    *Id.* ¶ 87.

[33]    Prayer for Relief ,¶¶ 1-2, Amended Complaint at 22.

[34]    *Id.* ¶ 3.

[35]    *Id.* ¶ 7.

[36]    *Id.* ¶ 8.

[37]    *Id.* ¶ 5.

[38]    *Id.* ¶ 6.

[39]    *Id.* ¶ 9.

[40]    *Id.* ¶¶ 10-14.

e.     award of *attorney's fees*.[41]

## England's Assertions of Amounts Due

Each of the individual Plaintiffs terminated their relationship with England before this case was filed.[42]  England claims that two Plaintiffs[43] owed money to England under the lease agreements when they terminated.  England asserts that these two plaintiffs "currently owe monies to England"[44] and that "the addition of this affirmative defense may result in an accounting adjustment at the conclusion of the case."[45]  England also claims that these Plaintiffs' indebtedness is important in determining whether these Plaintiffs had any "damages sustained." Such damages are statutorily necessary to state a claim that leasing regulations were violated.[46] England has not yet raised "offset" in its pleadings,[47] nor did it seek leave to amend its pleadings

---

[41]     *Id*. ¶¶ 15-16.

[42]     Memorandum in Opposition to Plaintiffs' Motion for Class Certification at vi - xii, docket no. 126, filed June 24, 2005.

[43]     Shutt and Williams, *see* Memorandum in Support of C. R. England's Motion for Leave to Amend its Answer (Supporting Memorandum) at 2, docket no. 137,  filed August 9, 2005, and Memorandum in Opposition to Plaintiffs' Motion for Class Certification at ix and xii.

[44]     Supporting Memorandum at 2.

[45]     *Id*. at 8.

[46]     Supporting Memorandum at 2-3 and Memorandum in Opposition to Plaintiffs' Motion for Class Certification at 2-3 and 6-7 (citing 49 U.S.C. 14704(a)(2) and Reply Memorandum in Support of C. R. England's Motion for Leave to Amend its Answer (Reply Memorandum) at 6-7, docket no. 140, filed August 23, 2005.

[47]     "Pleadings" here is used as a term of art under Fed. R. Civ. P. 7(a):

There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

before the original deadline for filing such motions[48] or before the extended deadline of January 15, 2005.[49]   Even now, England does not seek to file a counterclaim for any amounts due, "since England's proposed setoff would be purely defensive, *i.e.,* to contradict the existence of injury-in-fact or to reduce the amount of any judgment . . . ."[50]

The framing of the issue of offset only arose recently.  In its opposition to Plaintiffs' motion to certify the class, England identified facts relating to these debts, as well as the legal issue of whether the two Plaintiffs (and potential class members who terminated their contract and owe England monies) can allege or show any injury in fact or "actual damages."[51]   In immediate reply Plaintiffs warned that "Defendants' Answer to Plaintiffs' Amended Complaint fails to even raise setoff as an affirmative defense."[52]

## History of the Case

This case was filed in the Eastern District of California in 2002, and transferred here. England filed motions to stay and dismiss.[53] Discovery continued while the motions were decided.  Defendant England filed its answer in August 2004[54] and an answer to the amended

---

[48]        December 15, 2004, set by Scheduling Order, docket no. 79, filed August 27, 2004.

[49]        Order Granting Stipulation and Joint Motion for Extension, docket no. 85, filed January 6, 2005.

[50]        Reply Memorandum at 7-8.

[51]        Memorandum in Opposition to Plaintiffs' Motion for Class Certification at 2-3, 6-7.

[52]        Reply Memorandum in Support of Plaintiffs' Motion for Class Certification at 5-6, docket no. 132, filed July 14, 2005.

[53]        Docket nos. 15 and 18, filed October 15, 2002.

[54]        Docket no. 75, August 2, 2004.

complaint in April 2005.[55]   England did not raise the affirmative defense of offset or make a counterclaim against Plaintiffs.

Under the original scheduling order, fact discovery was to end July 15, 2005, dispositive motions were due September 15, 2005, and trial was set in February 2006.  Currently, fact discovery is to end September 15, 2005; dispositive motions are due November 15, 2005; and trial is set in April 2006.

Ten depositions have been taken and Plaintiffs have propounded several sets of written discovery.[56]   England claims that six to ten additional depositions will be taken and that the parties have agreed to extend the fact discovery cutoff 90 days.[57]

Discovery on the offsets has been somewhat constrained.  The 30(b)(6) deposition of James MacInnes was taken pursuant to a notice which did not specify offsets as an issue. Therefore, when he was asked about certain exhibits pertaining to amounts charged by England, England's counsel noted for the record that the questions were beyond the scope of the notice, and only permitted answers with the provisos that "[h]e's not been prepared on that subject"[58] and "the testimony can't be used against the company."[59]   England claims that since McInnes has not been deposed in his personal capacity, he may be asked about these questions at a future

---

[55]   Docket no 101, filed April 7, 2005.

[56]   Supporting Memorandum at 4.

[57]   *Id*. at 4 and 9.

[58]   Deposition of James MacInnes, page 142, lines 20-21.

[59]   *Id*. page 143, lines 4-5.

deposition in his personal capacity.[60]  Nothing in the record suggests Plaintiffs otherwise intend to take such a deposition.

## Legal Standards

Federal Rule of Civil Procedure 16(b) requires that scheduling orders be amended only for "good cause."  This standard "is essentially midway between 'freely given,' on the one end of the spectrum, and, on the other end, 'manifest injustice.'" [61]   While England has not expressly asked to modify the deadline to file motions to amend pleadings, its motion has that implication.

Leave to amend is to be "freely given *when justice so requires.*"[62]  "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc."[63]

England must satisfy the good cause requirement to amend the scheduling order to permit the motion to amend and must show that justice requires the amendment be permitted.

## Discussion

England asserts that the offset issue will "not change the scope of discovery or add new legal issues."[64]   In fact, England really does not think it needs the amendment:  "England believes

---

[60]     Reply Memorandum at 4.

[61]     James W. Moore, 3 *Moore's Federal Practice* § 16.14[1][a] (3d ed. 2001).

[62]     Fed. R. Civ. P. 15(a)(emphasis added).

[63]     *Childers v. Independent School District Number 1 of Bryan County,* 676 F.2d 1338, 1343 (10th Cir. 1982).

[64]     Supporting Memorandum at 6.

that it has adequately preserved this issue from a procedural standpoint, it nevertheless wishes to ensure that the issue is fully and properly presented to the Court."[65]

The propriety of charges made against Plaintiffs by England is already a central issue in this case.   Plaintiffs plead that England's charges were unauthorized, inflated and/or contrary to law.  Therefore, litigation within the framework of the existing pleadings will examine amounts charged and the basis of the charges.  If the court orders the accounting requested by Plaintiffs, the balance of each Plaintiff's account will be reported.  That accounting must be completed before an award of damages may be made.

This financial determination will be secondary to the issues raised in the first cause of action – whether the leases violate federal regulations by omitting certain required provisions and by including certain prohibited provisions – but the accounting is the end result, by reason of the *Plaintiffs'* framing of the issues.

The parties' memoranda clarify and argue the distinctions between set-offs, recoupments and counterclaims; and between liquidated and unliquidated claims.[66]  While the case law recites that the procedural differences between or treatments of these claims have been relaxed or dissolved,[67] the policy reasons for distinct treatment remain.  Unliquidated claims require adjudicative resources.  Their inclusion in existing litigation means the case's scope will change. Claims seeking affirmative relief should be affirmatively stated to put the potential obligor on

---

[65]     *Id.* at 5.

[66]     Opposition Memorandum at 7-9; Reply Memorandum at 7-10.

[67]     Reply Memorandum at 8.

notice.  Related transactions are more properly litigated together than unrelated transactions.
Certainly any change in the substance of this case should be avoided at this date three years after
filing.  Because the issues of legitimate and illegitimate charges by England are already within
the Plaintiffs' Amended Complaint, the amendment is not "required."  The propriety and amount
of England's charges will be litigated.

Further, England has chosen not to make an affirmative claim, which indicates England
previously did not believe the issue should be further developed.

Also, the request for amendment is very late.  While it is conceivably possible to revamp
the schedule of the case, substantial resources have already been expended, particularly by
Plaintiffs in written discovery.  The 30(b)(6) deposition of MacInnes is an example.  England
objected to certain questions as beyond the scope of the notice.  If indeed they were, it is because
there was nothing in England's pleadings to suggest the issue.  Cases are constituted by the
pleadings, developed by discovery based on those pleadings and adjudicated on the evidence
gathered in discovery.  England's failure to clearly state its position in the pleadings has shaped
the case to date.

England suggests that it has moved for amendment in a timely manner.  "[L]ittle more
than three weeks have passed between the time the issue of an affirmative defense was raised by
plaintiffs"[68] in the class action briefing.  But the case has been pending for three years and the
pleadings were joined a long time ago.  Plaintiffs have undertaken substantial written discovery
and taken more depositions than remain to be taken.  The issue would require redeposition of at

---

[68]      Supporting Memorandum at 5.

least one witness, and might require duplicate performance of prior discovery, or at least make prior answers insufficient.  Plaintiffs claim they would need the opportunity for substantial additional discovery "into the basis for the alleged debts, the detail relating to the alleged charges, Defendant's policies and procedures at the termination of owner-operator agreements, policies and procedures for reconditioning equipment upon its return, collection practices for unpaid debts, and follow-up issues raised by discovery of information provided in response to inquiry in these described areas."[69]

Finally, as Plaintiffs point out,[70] "[t]imeliness is determined by reference to any court-ordered deadline for amending the pleadings,"[71] not by reference to the date a party realizes it may have a need to plead.

## Summary

The propriety and amount of England's charges to Plaintiffs is raised in the Amended Complaint.  England has not sought affirmative relief against Plaintiffs.  The inclusion of an affirmative defense will add nothing to the accounting which is the eventual result of this case. However, adding the defense may open the door to other assertions by England, outside the Amended Complaint, and that should not be permitted at this late date.  England will have to litigate within the scope of the Amended Complaint's issues.

---

[69]    Opposition Memorandum at 6.

[70]    *Id*. at 3.

[71]    *Procter & Gamble Co. v. Haugen*,179 F.R.D. 622, 630 (D.Utah 1998).

**ORDER**


IT IS HEREBY ORDERED that the motion to amend answer[72] is DENIED.

September 2, 2005.

                          BY THE COURT:


                          _____

                          David Nuffer
                          U.S. Magistrate Judge

---

[72]    Docket no. 136, filed August 9, 2005.