IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH   CENTRAL DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>C. R. ENGLAND, INC.,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER REGARDING MOTION FOR AWARD OF PREJUDGMENT INTEREST**<br><br>Case No.  2:02 CV 950 TS<br><br>District Judge Ted Stewart<br>Magistrate Judge David Nuffer |

　　　　In the October 24, 2008 Order on Finalization of the Accounting of Escrow Accounts, the district judge ordered that restitution awards to individual Plaintiffs and Class Members should be paid "along with payment of reasonable interest."[1]  Plaintiff's Motion for Award of Prejudgment Interest[2] raises the issue of the appropriate interest rate.

　　　　This dispute arises out of Plaintiffs' allegations that Defendant improperly administered escrow funds established under lease agreements (Independent Contractor Operating Agreement or ICOA) whereby Plaintiffs leased their trucks to Defendant for use in Defendant's trucking business.  Plaintiffs successfully claimed[3] that Defendant's actions violated the federal Truth-in-Leasing Regulations. [4]

### Summary of Positions

　　　　Plaintiffs argue that Utah's statutory legal interest rate of 10% should be imposed,[5] while Defendant argues that the Treasury bill rate should apply because of a federal regulation

---

[1] Docket no. 358, at 6.

[2] Docket no. 371, filed January 30, 2009.

[3] Docket No. 299, ¶ 47, filed June 20, 2007.

[4] 49 C.F.R. Part 376.

[5] Plaintiff's Memorandum in Support of Motion for Award of Prejudgment Interest (Memorandum in Support), docket no. 372, filed January 30, 2009.

governing the lease escrow funds which are being accounted in this case.[6] Defendant argues the Utah contract rate cannot apply because (a) the ICOA specifies an interest rate, making the Utah statute inapplicable;[7] (b) the case is not a contract case, but a case alleging federal regulatory violations;[8] and (c) choice of law language in the ICOA does not invoke the Utah interest statute because Plaintiffs' claims are not made under the ICOA, but under regulations.[9]

## Contractual, Statutory and Regulatory Provisions

The Utah statute reads: "Unless parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods, or chose in action shall be 10% per annum."[10]

The federal regulation on lease escrow funds, applicable to the relationship between these parties, reads:

> [W]hile the escrow fund is under the control of the carrier, the carrier shall pay interest on the escrow fund on at least a quarterly basis. For purposes of calculating the balance of the escrow fund on which interest must be paid, the carrier may deduct a sum equal to the average advance made to the individual lessor during the period of time for which interest is paid. The interest rate shall be established on the date the interest period begins and shall be at least equal to the average yield or equivalent coupon issue yield on 91-day, 13-week Treasury bills as established in the weekly auction by the Department of Treasury.[11]

This regulatory provision is made specifically applicable to the escrow balance by the lease form in use between Plaintiffs and Defendants. The contract establishes a Maintenance Escrow on which interest will be "paid quarterly based on the interest rate on the 1st day of each quarter

---

[6] Defendant C. R. England's Memorandum in Opposition to Motion for Pre-Judgment Interest (Memorandum in Opposition) at 2-3, docket no. 375, filed February 17, 2009.

[7] *Id.* at 3-4.

[8] *Id.* at 4-5.

[9] *Id.* at 5-6.

[10] Utah Code Ann. § 15-1-1(2) (Supp.1990).

[11] 49 C.F.R. § 376.12(k)(5).

determined by the current average yield or equivalent upon issue yield on 91 day, 13 week treasury bills as established in the preceding weekly auction by the U.S. Department of Treasury."[12]

The contract further provides that funds in the escrow will be paid out within 45 days of termination of a lease relationship. "Upon the termination of the Agreement WE shall pay YOU the balance in the Escrow fund less any appropriate offsets within 45 days."[13]

Another provision of the agreement (briefed only incidentally on this motion) governs interest accruing on *any amount due* between the parties:

> The undersigned[14] agrees that in the event of default in the payment of any amount due and if this account is placed in the hands of an agency or attorney for collections or legal action, to pay the cost of collection, attorney fees and court costs incurred and permitted by law governing these transactions. A finance charge of 1 ½ % per month (18% annually) will be charged on balances over 30 days past due."[15]

## Discussion

The practices of the Defendant have been held to violate the Truth-in-Leasing regulations. The relationship of the parties was contractual, based on the ICOA. The result of the Truth-in-Leasing violations is to make sums due to these parties whose relationship is founded in contract. Without a contract, there would be no relationship to which the Truth-in-Leasing regulations would apply. It therefore seems to the magistrate judge that:

---

[12] Addendum 2 to Independent Contractor Operating Agreement at 2, attached as Exhibit A to Plaintiffs' Reply to Defendant's Opposition to Motion for Award of Prejudgment Interest, docket no. 382, filed February 27, 2009.

[13] *Id.* at 3.

[14] This is the only instance of the use of the word "undersigned" the magistrate judge has found in the ICOA. Otherwise, the words "YOU" and "WE" (and at times, "YOU and WE") are used to designate the respective parties. The ICOA concludes that "YOU and WE are both bound by this Agreement" and "YOU and WE have executed this Agreement . . . ."

[15] Independent Contractor Operating Agreement at 4.

a. The regulatory interest rate, restated in the contract, applies to balances held on deposit in the escrow, but

b. After sums under the ICOA are due and payable, the applicable rate is 1½ per cent per month, or 18 percent per annum; and

c. The Utah statutory rate does not apply because the contract in this case provides for interest rates, one to apply to entrusted funds and the other to apply to sums in default.

Because the applicability of the contractual section applying an interest rate to funds in default was not briefed directly by either party,

IT IS HEREBY ORDERED that each party may submit supplemental argument of not more than five pages on or before May 11, 2009.

Dated this 4th day of May, 2009.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge