IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH   CENTRAL DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., *et al*,.<br><br>Plaintiffs,<br>vs.<br><br>C. R. ENGLAND, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR NOTICE**<br><br>Case No.  2:02 CV 950 TS<br><br>District Judge Ted Stewart<br>Magistrate Judge David Nuffer |

This is a class action case in which Defendant C.R. England, Inc. ("England") has been found to have violated federal Truth-in-Leasing Regulations[1] in its lease agreements with owner-operators of trucks which haul freight for England.  This order denies a motion England filed to now give a notice to class members which would require claim filing.

**Prior Orders by District Judge**

On May 16, 2006, the district judge approved the initial Class Notice Plan and Form of Notice.[2]  The Notice included (1) Definition of the Plaintiff Class; (2) Description of the Action; and (3) Rights of Plaintiff Class Members, including procedures and time-limits for requesting exclusion.[3]  The Notice also included a statement of Defendant England's position that any monies England might be found to owe members of the class would be applied first to any outstanding debt a Class member owed England.[4]

---

[1] 49 C.F.R. Part 376.
[2] Docket no. 211.
[3] Notices of Class Action (Notices) attached as Exhibits A & B to Plaintiffs' Motion to Approve Proposed Class Notice Plan, docket no. 210, filed May 9, 2006.
[4] Notices at 4.

Nearly two years ago, the district judge found[5] that England violated the federal Truth-in-Leasing Regulations[6] by improper management of escrow funds held under England's standard form Independent Contractor Operator Agreement (ICOA).[7] The district judge then ordered an accounting of the escrow accounts to determine, on an individual account basis, if and when England had improperly deducted unauthorized amounts.[8]

Defendant filed a Report on Accounting identifying all eligible Class Members, as well as the escrow balance in favor of each Class Member.[9] The district judge thereafter refined the accounting procedure, specifying permitted set-offs, and stated that the accounting would generate results for each leased truck, for each class member.

> The Accounting, once completed, will allow Plaintiffs to see, for each leased truck, the amount owed each individual Plaintiff from the escrow accounts. . . . [T]he class member is entitled to receive as actual damages those monies which that class member paid into any or all of the three escrow accounts, less actual obligations incurred by that class member that were authorized by the ICOA or another agreement between that class member and Defendant.
> Therefore, . . . Defendant will be ordered to finalize the Accounting . . . .[10]

The Court specifically directed a procedure for handling England's setoff claims against absent Class Members, again speaking of individual account analysis, for all accounts:

> The case will then enter an individual damages phase, wherein a truck-by-truck analysis of actual damages will take place. Within that analysis, the starting point will be the balance of the escrow accounts, as determined by the Accounting.
> The Parties will have opportunity to present evidence regarding the legitimacy of certain debts allegedly owed by Plaintiffs to Defendant. If the total value of legitimate debts owed by an individual Plaintiff to Defendant for the truck leased by that Plaintiff is greater than the balance of the escrow account, actual damages will not have been proved, and no restitution will be ordered. If, however, the total value of legitimate debts owed by an individual Plaintiff to Defendant is less than the balance of the escrow

---

[5] Docket No. 299, at 18, ¶ 47, filed June 20, 2007.
[6] 49 C.F.R. §376.12.
[7] Memorandum Decision and Order on Finalization of the Accounting of Escrow Accounts, Defendant's Proposed Set-Offs, Actual Damages, and Restitution (Memorandum Decision) at 2, docket no. 358, filed October 24, 2008.
[8] Docket no. 299, at 24, 27; Memorandum Decision at 2.
[9] Docket no. 326, filed April 14, 2008.
[10] Memorandum Decision at 5.

account, the difference will be the measure of actual damages and restitution will be ordered, along with payment of reasonable interest.[11]

This order said nothing about excluding certain class members from the accounting.

The district judge ordered the magistrate judge to complete "a truck-by-truck analysis of actual damages."[12]

### England's Motion for Notice

In a hearing before the magistrate judge in December 2008,[13] the magistrate judge sought to set a schedule for completing the accounting. England's counsel raised the issue of notice to class members.[14] England's Proposal for Notice to Class Members of Court Ruling and Damages Determination[15] (which was later converted to a motion)[16] is in furtherance of that discussion.

### England's Proposal for Notice

England's objection[17] to Plaintiffs' proposed accounting schedule[18] stated that it "cannot reasonably commit to any time frame" for the accounting "until [Defendant] knows the number of individuals and claims involved."[19] This was the first suggestion that England wanted to make a final accounting only for a subset of already identified class members. All prior accounting information had been submitted for the entire class for whom it had already submitted accounting data.

---

[11] *Id.* at 5-6.
[12] Memorandum Decision at 11.
[13] Docket no. 363, filed December 19, 2008.
[14] Docket no. 363, filed Deceber 19, 2008.
[15] Docket no. 370, filed January 23, 2009.
[16] Docket no. 379, filed January 23, 2009.
[17] Docket no. 367, filed January 9, 2009.
[18] Docket no. 364, filed December 22, 2008.
[19] Docket no. 370, at 2.

After objecting to Plaintiffs' proposed schedule, England then filed its Proposal for Notice to Class Members of Court Ruling and Damages Determination.[20]  In its proposal for notice and motion, Defendant England proposes to defer further accounting while the court requires each Class Member to submit a claim form, and then that "the damages calculation would proceed only as to those class members who submit the claim forms."[21]  Thus, *only this year* has England suggested that damages will never be determined for some class members.

England urges that this procedure is "grounded in prudence . . . because it will save the Court and the parties from having to perform substantial damages calculations for class members who decide not to claim any damages . . . ."[22]  England explains that the procedure of eliminating accounting for those who do not now file claims would not reduce the amount ultimately paid, though it would probably reduce the total amount of damages that would be calculated."[23]

England's view is that it will never pay damages to class members who do not come forward at some point and make an affirmative claim.  England contemplates that even if it calculates damages first and then requires claims, it will not pay any damages for its wrongful acts toward class members who do not file claims.  England reveals this as it criticizes Plaintiff's proposal.

> Indeed, Plaintiffs' proposal, to calculate all damages and then ask class members to submit claims, is far less efficient without producing a better or different ultimate conclusion. That is, the parties and the Court would be forced to calculate damages and adjudicate setoff claims for *all* class members, despite the fact that not all damages calculated would be paid, because not all class members would come forward to receive their award.[24]

---

[20] Docket no. 370.
[21] Docket no. 370, at 2.
[22] Defendant C. R. England, Inc.'s Reply Memorandum in Support of its Proposal for Notice to Class Members of Court Ruling and Damages Determination at 1, docket no. 385, filed March 13, 2009.
[23] *Id.*
[24] *Id.*

4

England ignores the obvious behavioral factor that *claiming* is much more likely if the amount to be delivered is known to the claimant, rather than requiring a class member to claim for a nebulous possibility.  England's assumption that claims will come at the same frequency before or after calculation of damages is faulty.

Assuming that its "notice first and account later" procedure is adopted, England then argues that the most appropriate disposition of damages for any non-appearing class members would be reversion to England.[25]  *England first raised this issue in its reply memorandum on this motion*, months after the status hearing with the magistrate judge and well after its objection to the accounting timeframe proposed by Plaintiffs.

England argues for this reversion of funds as it tries to justify its proposal for "notice first and account later."   It says that this sequence will not result "in a windfall for England because any unclaimed damages in this case *should*, in any event, revert back to England at the conclusion of the case."[26]  England admits that this issue has not been argued (and to the knowledge of the magistrate judge not previously presented) thus making a principal basis of its argument for "notice first" conditional[27] on its surprise assumption and argument that unclaimed funds will revert to it.

## Discussion

The "notice first and account later" procedure contemplated by England is entirely outside the contemplation of the orders entered by the district judge and wholly at variance with the field of argument heretofore.  England's proposal to require class members to "claim" before amounts are ascertained, even though there is no real doubt as to the actual membership of the

---

[25] *Id.* at 3-6.
[26] *Id.* at 3 (emphasis added).
[27] Reply Memorandum at 3.

class is less wise than finishing the accounting which has been contemplated, ordered and underway for so long.

Further, England's argument based on reversion of unclaimed damages is unfairly presented in a reply brief, and seems to be the latest in England's series of delays on the accounting. England first objected to Plaintiffs' accounting schedule because it wanted to brief the issue of notice. Then, in its reply brief on the issue of notice, England admits that its logic substantially relies on a heretofore unstated argument on reversion of unclaimed damages.

The momentum and focus of this case in the orders of the district judge requires that we proceed with accounting. The assignment to the magistrate judge was to supervise the accounting. The magistrate judge rejects England's proposal to defer accounting and first give notice, because:

- England's assumption that timing makes no difference is faulty;
- the issue of reversion of funds is not presently at issue;
- resolving that issue now would be cause further delay; and
- the scope of damages should be ascertained before claims are required and before reversion is addressed.

**ORDER**

IT IS HEREBY ORDERED that the Motion for Notice to Class Members of Court Ruling and Damages Determination[28] is DENIED.

IT IS FURTHER ORDERED that on or before May 11, 2009, Plaintiffs shall file a proposed schedule for the resolution and adjudication of set-offs, and Defendant may respond on or before May 15, 2009. These should be filed with regard to Plaintiffs' pending motion for a schedule.[29]

Dated this 4th day of May, 2009.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[28] Docket no. 379, filed January 23, 2009.
[29] Docket no. 364, filed December 22, 2008.