IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPEDENT DRIVERS ASSOCIATION, INC., and THOMAS SHUTT, WILLIAM PIPER, DON SULLIVAN, SR., JAMES MURPHY, and WALTER WILLIAMS individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. ENGLAND, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S ORDER GRANTING MOTION FOR AWARD OF PREJUDGMENT INTEREST DATED MAY 21, 2009<br><br><br><br>Case No. 2:02-CV-950 TS |

This matter is before the Court on Defendant's Partial Objection to the Magistrate Judge's Memorandum and Decision and Order Granting Motion for Award of Prejudgment Interest Dated May 21, 2009.

I. Background

This case originally came before the Court on Plaintiffs' allegations that the form lease agreements Defendant required its independent contractor drivers to sign violated the Federal

1

Truth in Leasing Act - 49 U.S.C. § § 14102 and 14704, *et seq.* - and accompanying Department of Transportation Regulations - 49 C.F.R. § 376, *et seq*. After a bench trial, this Court held Defendant had violated the Regulations according to Plaintiffs' allegations. Following a judgment favoring Plaintiffs, and an order from this Court dealing with the finalization of accounting, damages and restitution, the parties entered into a dispute regarding the award of prejudgment interest and the applicable rate.[1] Plaintiffs alleged Defendant improperly administered escrow funds established under the lease agreements (Independent Contractor Operating Agreement or ICOA).

Following a partial order and supplemental briefing from the parties, the Magistrate Judge entered a final order granting Plaintiffs prejudgment interest, specifying the interest rates applicable and various times for various types of agreements. It is a portion of that order Defendant presently contests.

## II. Magistrate Judge's Decision

On May 21, 2009, Magistrate Judge Nuffer granted Plaintiff's motion for prejudgment interest.[2] The Magistrate determined that the relationship between the parties was contractual, based on the ICOA.[3] The contract provides the funds in escrow will be paid out within 45 days of termination of the lease relationship.[4] One of the ICOAs also contains a provision governing interest accruing on any amounts after 30 days past due between the parties. In that situation, the

---

[1] Docket No. 358.

[2] Docket No. 403.

[3] *Id.* at 3.

[4] Docket No. 382-2, Addendum at 2.

contract states "[a] finance charge of 1.5% per month (18% annually) will be charged on balances over 30 days past due."[5] However, not all of the ICOAs contain this 18% rate provision.

The Magistrate Judge made four determinations:

(a) the regulatory interest rate, also stated in the contract, applies to all balances held on deposit in the escrow;

(b) the regulatory interest rate applies after sums under the ICOA are due and payable; but

(c) for Class Members whose ICOA specifies a default interest rate, that rate applies to sums over 30 days past due– that is after 45 days has passed since termination of the ICOA; and

(d) the Utah statutory rate does not apply because the contracts in this case are not silent concerning interest rate provisions.

Those determinations are set out in the following chart:

| Type of Agreement | (including 45 days after termination) | 30 Day "Grace Period" | Beyond "Grace Period" |
|---|---|---|---|
| ICOA **with** 18% default interest rate provision | Regulatory interest rate applies | Regulatory interest rate applies | ICOA default interest rate of 18% applies |
| ICOA **without** default interest rate provision | Regulatory interest rate applies | Regulatory interest rate applies | Regulatory interest rate applies |

In making his determination, the Magistrate Judge went through a discussion of the Contractual, Statutory, and Regulatory Provisions. The Utah statute provides that parties to a lawful contract may agree upon a rate of interest for a loan or forbearance, but if no rate is specified, the rate is 10% per annum.[6] The federal regulation on lease escrow funds states that while the escrow fund

---

[5] Docket No. 382-2 (ICOA) at 4.

[6] UTAH CODE ANN. § 15-1-1(2) (Supp. 1990).

3

is under the control of the carrier, interest shall be paid on at least a quarterly basis.[7] It further states, "[t]he interest rate shall be established on the date the interest period begins and shall be at least equal to the average yield or equivalent coupon issue yield on the 91-day, 13-week Treasury bills as established in the weekly auction by the Department of Treasury."[8] The contract between the parties states that escrow on which interest will be "paid quarterly based on the interest rate on the 1st day of each quarter determined by the current average yield or equivalent upon issue yield on 91 day, 13 week treasury bills as established on the preceding weekly auction by the U.S. Department of Treasury."[9] Some contracts also state that a finance charge of 18% annually will be applied to balances over 30 days past due.[10]

### III. Defendant's Objection

Defendant argues that determination (c) is incorrect as a matter of law, and has four basis for its position. First, Defendant argues that the Truth-in-Leasing Regulations specify that the Regulatory Rate applies only "while the escrow fund is under the control of the carrier."[11] Defendant further argues that the ICOA applies the Regulatory Rate to escrow funds.[12] The combination of these two provisions, Defendant maintains, specifically mandates use of the

---

[7] 49 C.F.R. § 376.12(k)(5).

[8] *Id*.

[9] Docket No. 382-2, Addendum at 7.

[10] *Id*. at 4.

[11] 49 C.F.R. § 376.12(k)(5).

[12] Docket No. 382-2.

Regulatory Rate while the carrier has control of the funds.[13] Second, Defendant argues that prior cases under the regulations consistently apply the regulatory rate. Third, Defendant contends that the 18% rate is improper because it contravenes the regulations and favors a general interest rate over a specific interest rate. Finally, Defendant argues that the 18% rate is not a "reasonable rate" as required by this Court.

IV. Discussion

28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, permit a district court to review a Magistrate Judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard.[14] The clearly erroneous standard applies to factual findings and requires an affirmation of the Magistrate Judge's decision unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed."[15] The contrary to law standard however, permits the district court to conduct a plenary review of the magistrates purely legal determinations and may set aside an order if the wrong legal standard was applied.[16]

---

[13] Docket No. 404 at 6.

[14] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *Sprint Communications Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (*citing First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000)); *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

[15] *Smith*, 137 F.R.D. at 27 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotations omitted)); *Sprint*, 500 F.Supp. 2d at 1346.

[16] *Williams v. Vail Resorts Development Co.*, 2003 WL 25768656, at *2 (D. Wyo. Nov. 14, 2003); *Sprint*, 500 F.Supp. 2d at 1346; *see also Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F.Supp. 2d 980, 983 (S.D. Cal. 1999).

49 C.F.R. § 376.12(k)(5) states in part:

> That while the escrow fund is under the control of the carrier, the carrier shall pay interest on the escrow fund on at least a quarterly basis. . . .The interest rate shall be established on the date the interest period begins and *shall be at least equal to* the average yield or equivalent coupon issue yield on 91-day, 13 week Treasury bills as established on the weekly auction by the Department of Treasury.[17]

The statute does not say it shall be the average or yield equivalent of the Treasury bills, it states that it must at least be equal to that rate. The statute sets the floor, it does not impose a blanket mandatory rate. Defendant acknowledges this but continues to argue that rate stated in the addendum to the ICOA is the appropriate contractual rate because it deals with escrow and is therefore a specific rate. The rate set by the Magistrate is higher than the Treasury bill rate; it is not contrary to law because the Regulation imposes a minimum amount but no cap. The rate set by the Magistrate Judge is specified in the contracts, as the rate to be applied to defaults and monies held over 30 days, which is the situation in which that rate is being imposed. Additionally, the Magistrate Judge made a split determination and concluded that different Class Members were subject to different interest rates based specifically on their particular ICOA. Applying rates as set out in a contract is not contrary to law.

Defendants other arguments also fail. Defendant cites three cases for the proposition that pre-judgment interest should be awarded based on the regulatory rate, none of which are from a court in the Tenth Circuit, and therefore do not create any precedent. Regardless, none of the cases are helpful in resolving the issue before the Court. One of the cited cases states only that

---

[17] 49 C.F.R. § 376.12(k)(5) (emphasis added).

plaintiffs are entitled to interest, but makes no mention of the interest rate to be applied.[18] Another case does state that interest has been calculated according to the mandated rates set forth in the truth-in-leasing regulations.[19] However, this Court does not find any mandatory language in the cited provisions. As already discussed, § 376.12(k) merely sets the floor, it does not mandate a certain interest rate be used.[20] The last case does not deal with interest rates at all, but does mention that the escrow is limited and governed by the lease itself, contravening Defendant's position that the escrow is governed by the regulations.[21] Moreover, the cases do not deal with the issues currently before the Court and do not involve the same contracts. As already discussed, this Court does not find the 18% rate contravenes the regulations.

Additionally, the Court does not find it to be an error of law for the Magistrate to use the specific provision dealing with default payments instead of the general provisions controlling escrow. After review, the Court is not left with the definite and firm conclusion that the Magistrate Judge's decision concerning the reasonableness of the rate is clearly erroneous or contrary to law.

Based on the above, the Court does not find the Magistrate's Order to be clearly erroneous, nor does it find the wrong legal standard was used. It is therefore

---

[18] *Goode v. AAFAB, INC.*, No. 1:02-CV-3016, at 2-3 (N.D. Ga.. September 3, 2004) (Order).

[19] *Owner-Operator Independent Drivers Assoc., Inc. et al., v. Arctic Express*, No. C2-97-750 (S.D. Ohio May 27, 2004) (Provisional Order Approving Class Settlement and Settlement Distribution Plan).

[20] 49 C.F.R. § 376.12(k)(5) ("the interest rate shall be. . . . at least equal too").

[21] *Owner-Operator Independent Drivers Assoc., Inc. v. Ledar Transportation, Inc.*, 2008 WL 857758, at *12 (W.D. Mo. Mar. 31, 2008).

ORDERED that Defendant's Partial Objections to the Magistrate Judge's Memorandum Decision and Order Granting Motion for Award of Prejudgment Interest Dated May 21, 2009 (Docket No. 404) is OVERRULED.

DATED   December 16, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge