IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>C. R. ENGLAND, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXCLUDE REPAIR AND MAINTENANCE SET-OFFS FROM COURT'S ANALYSIS OF DAMAGES**<br><br>Case No. 2:02 CV 950 TS<br><br>District Judge Ted Stewart<br>Magistrate Judge David Nuffer |

Plaintiffs leased trucks to Defendant under Defendant's form lease agreements known as the Independent Contractor Operating Agreements (ICOA). Defendant was found to have violated the Federal Truth in Leasing Act[1] and accompanying Department of Transportation Regulations[2] with regards to escrow funds Defendant administered under those leases.[3] The District Judge outlined a damages assessment process, and as a first step, entered a Finalization Order[4] requiring Defendant to provide an Accounting of the escrow funds by November 23, 2008.[5] The Finalization Order stated the Accounting was preparatory to a "truck-by-truck analysis of actual damages" which is the task referred to the magistrate judge.[6]

---

[1] 49 U.S.C. §§ 14102 and 14704, *et seq*.

[2] 49 C.F.R. § 376, *et seq*.

[3] Findings of Fact and Conclusions of Law, docket No. 299, ¶ 47, filed June 20, 2007.

[4] Memorandum Decision and Order on Finalization of the Accounting of Escrow Accounts, docket no. 358, filed October 24, 2008.

[5] *Id.* at 11.

[6] *Id.*

The District Judge ordered that the Accounting was to include proposed set-offs for "[s]pecific repair and tire purchases."[7] The Accounting was also to exclude so-called "refurbishment" expenses which were expenses of refurbishing trucks but payable under a Vehicle Lease Agreement, not under the ICOA.[8] Defendant filed what it called the Final Accounting on November 24, 2008.[9] Plaintiffs' Motion to Exclude Repair and Maintenance Set-offs from Court's Analysis of Damages[10] ("Plaintiffs' Motion") arises out of Defendant's recent attempt in the course of damages assessment to revisit the repair and maintenance set-offs.

## Summary of Dispute

Plaintiffs argue that the plain language of the Court's Finalization Order prevents the consideration of repair and maintenance set-offs during the damages phase of the case. They also asserted that Defendant is now trying to recharacterize charges previously categorized as "refurbishment" costs to "repair and maintenance" set-offs.[11] During the course of briefing this motion, it appears the charges Plaintiffs believed were actually refurbishment were in fact repair charges, and Defendant has clarified that it "fully accepts the Court's ruling that refurbishment charges may not be deducted or set off against escrow balances."[12]

The issue remaining is whether Defendant may now, in the damages assessment phase, adjust its "Final Accounting" for repair and tire charges it claims it did not previously know about. Defendant argues that the Court's Finalization Order did not set a time limit to identify

---

[7] *Id*.

[8] *Id.* at 6-7.

[9] Docket no. 359.

[10] Docket no. 426, filed October 23, 2009.

[11] Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Exclude Repair and Maintenance Set-Offs from Court's Analysis of Damages at 1, docket no. 427, filed October 23, 2009.

[12] Memorandum in Opposition to Plaintiffs' Motion to Exclude Repair and Maintenance Set-Offs from Court's Analysis of Damages (Opposition Memorandum) at iii, docket no. 434, filed November 20, 2009

repair and maintenance charges and that Plaintiffs will not be prejudiced by Defendant raising newly-discovered repair and maintenance charges.[13]

## The Final Accounting

The District Judge's Finalization Order directed Defendant "to finalize the Accounting, and . . . include as a deduction only those deductions listed under 'specific repair and tire purchases.'"[14] This accounting was "to be finalized and submitted to the Court within 30 days" of October 24, 2008.[15] Defendant submitted its Final Accounting with the statement that "[p]ursuant to the Court's Memorandum Decision and Order on Finalization of the Accounting of Escrow Accounts, Defendant's Proposed Set-offs, Actual Damages, and Restitution dated October 24, 2008, Defendant C.R. England, Inc. . . . submits its Final Accounting."[16]

In conducting the Final Accounting, Defendant created a computer program to facilitate the accounting process. Defendant "set the software to classify debits and credits based on certain criteria."[17] Defendant had complete control of the criteria that were to be used. One criterion chosen by Defendant was that a repair charge with a post-date after the termination of a lease would be classified as a refurbishment charge and would thus be excluded from the Final Accounting.[18] However, Defendant now wants to include "newly-discovered repair and maintenance charges"[19] in the damages phase of the case. Some of these were posted after or

---

[13] *Id.*

[14] Finalization Order at 5.

[15] *Id.* at 11.

[16] Defendant C.R. England, Inc.'s Submission of Final Accounting, docket no. 359 at 1, filed November 24, 2008.

[17] Opposition Memorandum at v.

[18] *Id.*; Declaration of Jackson Rooks in Opposition to Plaintiffs' Motion to Exclude Repair and Maintenance Set-Offs From Court's Analysis of Damages, docket no. 436, ¶ 4, filed November 20, 2009.

[19] Opposition Memorandum at iii.

3

around the time of lease termination, but (according to Defendant) incurred during the term of the lease.

## Discussion

The Finalization Order clearly states that "[b]ecause [specific repair and tire purchases] set-offs will be deducted prior to finalizing the Accounting, *they will not be considered during the analysis of damages*."[20] The plain language of the Finalization Order required Defendant to include repair and maintenance charges in the Final Accounting and precludes consideration of such charges now. The Final Accounting was submitted over a year ago and the damages phase of this case is underway. The magistrate judge will not deviate from the Finalization Order. Accordingly, Defendant will not be allowed during this damages phase to modify the Final Accounting with newly-discovered repair and maintenance charges.

Permitting Defendant to change the Final Accounting would not only be contrary to the Finalization Order, but would also ignore Defendant's exclusive control over the accounting process. Defendant's opportunity to discover and calculate repair and maintenance charges was during the course of the Final Accounting. In calculating repair and maintenance set-offs, Defendant chose to use the post-date as the criterion to distinguish "refurbishment" from "repair." Defendant controlled the records and had the opportunity to review the Final Accounting for errors. Defendant should not now be able to make changes.[21]

The magistrate judge is anxious to finish the complex actual damages calculation of thousands of accounts. Allowing Defendant to revise the Final Accounting would not promote

---

[20] Finalization Order at 6 (emphasis added).

[21] Law of the case doctrine "bars reopening a question already decided in an earlier stage of the same litigation, except in 'narrow' and exceptional circumstances." *In re Antrobus*, 563 F.3d 1092, 1098 (10th Cir. 2009). *See also Gage v. General Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986) ("The law of the case doctrine is a restriction self-imposed by the courts in the interests of judicial efficiency. It is a rule based on sound public policy that litigation should come to an end, and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided." (Citations omitted)).

an efficient use of judicial resources.  Changing the Final Accounting this late would further prolong this already protracted litigation by further discovery, more motions and hearings, additional factual disputes, and increased expenses for the parties and the court.  Defendant's view could encourage other "looking back" by the parties on other issues.  In the interest of timeliness and finality, the Court will not allow modifications to the Final Accounting.

## ORDER

IT IS HEREBY ORDERED, based on the above reasons, that the Plaintiffs' Motion[22] is GRANTED and Defendant shall not assert repair and maintenance charges during this individual damages phase of the case.

Dated this 28th day of January 2010.

BY THE COURT:

David Nuffer
United States Magistrate Judge

---

[22] Docket no. 426, filed October 23, 2009.