IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., <br><br>Plaintiffs, <br><br>vs. <br><br>C.R. ENGLAND, INC., <br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT C.R. ENGLAND, INC.'S MOTION TO CLARIFY APRIL 28, 2009 ORDER <br><br><br><br>Case No. 2:02-CV-950 TS |

Before the Court is Defendant C.R. England, Inc.'s Motion to Clarify April 28, 2009 Order.[1] After reviewing the parties respective filings on this matter, the Court issues the following ruling.

I.  INTRODUCTION

On June 20, 2007, this Court issued its ruling that Defendant's form lease agreements, known as the Independent Contractor Operating Agreements ("ICOA"), violated the Federal

---

[1]Docket No. 419.

1

Truth in Leasing Act ("FTLA")[2] and accompanying Department of Transportation Regulations.[3] Among the violations identified by the Court, the Court found that Defendant violated the FTLA Regulations by mismanaging Plaintiffs escrow funds by using monies in escrow funds for items not specifically mentioned in the ICOA. As part of this ruling, the Court ordered an accounting of the escrow accounts held by Defendant under the ICOA to determine if and when Defendant had improperly deducted unauthorized amounts from escrow accounts on an individual account basis (the "Accounting").

After the parties engaged in extensive briefing and the Court heard oral argument on how the Accounting should proceed, the Court issued its Memorandum Decision and Order on Finalization of the Accounting of Escrow Accounts, Defendant's Proposed Set-Offs, Actual Damages, and Restitution (the "Finalization Order").[4] Therein, the Court ordered that "[t]he Accounting is to be finalized and submitted to the Court" by November 23, 2008.[5] The Court further ordered that "upon submission of the finalized accounting of escrow accounts, the case will be referred to Magistrate Judge David Nuffer for a truck-by-truck analysis of actual damages."[6]

---

[2] 49 U.S.C. §§ 14102 and 14704, *et seq.*

[3] 49 C.F.R. § 376, *et seq.*

[4] Docket No. 358.

[5] *Id.* at 11.

[6] *Id.*

Shortly thereafter, Defendant filed a motion to clarify the Court's Finalization Order.[7] On April 28, 2009, the Court granted in part and denied in part the motion.[8] Therein, the Court found "that any payment to class members at the time of settlement which were paid *from escrow accounts* must be deducted from the measure of damages."[9] On August 18, 2009, Defendant filed this present motion seeking the Court's clarification of its April 28, 2009, clarification order.[10]

## II. DISCUSSION

Defendant requests that the Court issue an order clarifying that all funds paid to England drivers at the time of final settlement were specifically escrow funds that should be offset against damages before adjudication of England's set-off claims.[11] In conjunction with this request, Defendant provides several examples of what they allege to be typical final settlements between England drivers and Defendant.[12] Defendant uses these examples to argue that monies paid to England drivers during final settlement constitute both revenues (which Defendant argues may be appropriately used by Defendant to pay expenses) and escrow funds (which this Court has held belong to Plaintiffs). By analogy to trust law, Defendant argues that Defendant held the escrow funds as trustee for Plaintiffs. Continuing the analogy, Defendant asserts that revenues are akin

---

[7]Docket No. 386.

[8]Docket No. 394.

[9]*Id.* at 2 (emphasis in original).

[10]Docket No. 418.

[11]*Id.*

[12]*See* Docket No. 419, at 3-7.

3

to a trustee's personal funds, while the escrow funds are akin to the trust funds.  Based upon well-settled trust principles, because these revenues and escrow funds were commingled in the final settlement, Defendant argues that this Court should assume that Defendant "used escrow funds for appropriate purposes, and other revenues for all other expenses, 'so long as the balance of the common fund remains in excess of or equal to the amount of the trust fund.'"[13]

In reviewing Defendant's arguments, the Court finds that these issues are more appropriate for the damages analysis phase.  As Defendant's own examples demonstrate, the only way to appropriately evaluate the numerous categories involved in Defendant's assertions is to evaluate each member of the class on a truck-by-truck basis.  This is precisely why the Court appointed Magistrate Judge Nuffer to evaluate these set-offs during the damages analysis phase.

Moreover, Defendant has not successfully demonstrated why this calculation needs to be completed prior to the damages analysis phase.  Defendant advances two arguments on this issue.  First, Defendant suggests that making this calculation prior to the damages analysis will "more accurately determine how much the individual driver has been damaged."  Second, Defendant suggests that making this calculation prior to the damages analysis will "reduce the need to adjudicate all of the set-off claims."  The Court finds both of these reasons unpersuasive.  The Court finds that making these determinations on a truck-by-truck basis will significantly increase, rather than diminish, the accuracy of these calculations.  Moreover, while it may be true that allowing Defendant to make these deductions prior to the damages analysis will decrease the amount of set-offs at issue, this argument merely addresses the wisdom of evaluating the class

---

[13]*Id.* at 11 (quoting *Sisman v. Ogden State Bank*, 75 P.2d 313, 316 (Utah 1938).

members as individuals in the first place.  Again, the Court repeats its belief that an individual accounting is necessary and will decline Defendant's invitation to reconsider this decision.

III.  CONCLUSION

It is therefore

ORDERED that Defendant C.R. England, Inc.'s Motion to Clarify April 28, 2009 Order (Docket No. 418) is DENIED.

DATED   September 30, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge