# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>C. R. ENGLAND, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REGARDING DEFENDANT'S PROPOSED SET-OFFS FOR MAINTENANCE EXPENSES IN THE "OTHER" CATEGORY<br><br>Case No. 2:02 cv 950 TS<br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

On May 5, 2011, the magistrate judge heard argument on Defendant's Memorandum Regarding Maintenance Charges in the "Other" Category filed on April 15, 2011.[1] Plaintiffs filed their response on April 27, 2011,[2] and Defendant filed a reply brief on May 4, 2011.[3] David Cohen and Randall Herrick-Stare of The Cullen Law Firm, PLLC were present on behalf of Plaintiffs. Scott Hagen and Elaina Maragakis of the law firm of Ray Quinney and Nebeker, P.C. were present on behalf of the Defendant.

The magistrate judge considered (1) whether Defendant should be allowed to assert specific repair and tire purchase set-offs that were not advances subject to a payment plan; and (2) whether maintenance expenses that were paid pursuant to a repayment plan should be considered "advances" under the Finalization Order. As to the first issue, the rulings in Docs. # 446 and # 460 (which relied on prior rulings of the district judge) prohibit assertion of specific repair and tire purchase set-offs that were not advances subject to a payment plan.

---

[1] Docket no. 499.

[2] Docket no. 502.

[3] Docket no. 507.

1

On the second issue, Defendant submitted examples of completed Comchecks. The magistrate judge then requested that the parties submit argument by letter and requested a supplemental letter. All these papers are filed as docket no. 512. They have been redacted to obscure identifiers and financial account information.

These claims arose when a driver needed repairs to a truck while on the road and called C. R. England to arrange for a Comcheck to be authorized which would draw funds to pay the repair costs on behalf of the driver. Thereafter, to pay back the advance, a sum was deducted from each disbursement to the driver in the settlement statements that represent combined accounting for C. R. England and Opportunity Leasing financial transactions.[4]

England claims the right of offset under Paragraph Four of the ICOA, which reads: "If YOU have secured an advance of any kind from us, such as for fuel, owe us any money, or request us to withhold money for any reason on Addendum 3, WE shall make deductions from any monies otherwise due YOU." Exhibit K. England relies on the language allowing deductions for "an advance of any kind from us" or "owe us any money." England does not claim these charges are for any item listed on Addendum 3. England claims that the ICOA language creates an obligation which should be part of this Magistrate Judge Accounting under the Damages (or Finalization) Order.[5] England relies on the "Auto Advance" category (¶ 8) and the "Other" category (¶12).

The decisive fact, however, appears to be whether these are amounts advanced from England ("an advance of any kind from us") or owed to England ("owe us any money"). The funds clearly came after an England authorization for the Comcheck; repayment was handled by England; and the Comchecks identify C. R. England. But these facts are not determinative of

---

[4] Hearing Exhibits C, F, and I.
[5] Docket no. 358.

who made the advance, since C. R. England was the financial agent for Opportunity Leasing and thus handled funds under the ICOA and the Vehicle Lease Agreement.[6] Reading ICOA ¶ 4 to embrace all financial transactions *handled* by England would defeat the district judge's determination that "the VLA [and sums owing under it] cannot be considered" in the Magistrate Judge Accounting.[7]

Nothing in the ICOA deals with the repair and maintenance of the vehicle or obligations of England to advance funds for that purpose. But Paragraph 2 of the VLA deals with this relationship between the driver and Opportunity Leasing

> YOU agree to pay for the repair and maintenance needed to keep the vehicle operating properly and safely. If WE feel in good faith that required maintenance and repairs are not being done, WE may have such maintenance and repair work done at a shop WE select and to charge such costs to YOU. We shall provide assistance, if requested, in securing repair work and replacen1ent parts, including tires.[8]

At trial, Defendant admitted that "truck lease payments and any repairs to the tractor which were Opportunity Leasing's responsibility" were debts owed to Opportunity Leasing.[9] Because the repair and maintenance obligations are found in the VLA, these Comcheck advances cannot be considered in the Magistrate Judge Accounting.

---

[6] Testimony of Daniel England; Trial Transcript Oct. 25, 2006, 1073:5-12, attached as Ex. A to Plaintiffs' May 13, 2011 letter and Testimony of James MacInnes, Trial Transcript Oct. 24, 2006, 919:23-920:15, attached as Ex. B to Plaintiffs' May 13, 2011 letter.

[7] Docket no. 358 at 5 n.13.

[8] Exhibit 8 at 1.

[9] Testimony of James MacInnes, Trial Transcript Oct. 24, 2006, 929:7-11, attached as Ex. B to Plaintiffs' May 13, 2011 letter.

The parties have agreed, and the magistrate judge has ordered, that these interim reports on claim categories are not final and that all objections to this and similar interim orders are reserved until entry of the Final Report and Recommendations of the Magistrate Judge.

**ORDER**

Based on the memoranda submitted by the parties and arguments of counsel, it is hereby ORDERED:

(1) That Defendant is prohibited from asserting during the Magistrate Judge Accounting set-offs against class member's escrow funds amounts for specific repair and tire purchases that were not subject to a repayment plan for the reasons previously stated by the magistrate judge in its prior rulings in Docs. # 446 and # 460; and

(2) Defendant is prohibited from asserting during the Magistrate Judge Accounting set-offs against class member's escrow funds amounts for Comcheck advances for repair and tire purchases because those advances were made by Opportunity Leasing under the VLA, not by England under the ICOA.

Dated May 31, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge