IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> C.R. ENGLAND, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE ALL SET-OFFS AND PLAINTIFFS' MOTION TO COMPEL DEFENDANT THE RETURN OF ICOA ESCROW FUNDS TO CLASS MEMBERS <br><br> Case No. 2:02-CV-950 TS |

The Court has before it Plaintiffs' Motion to Exclude All Set-offs Asserted by Defendant Against Plaintiffs and Individual Class Members[1] and Plaintiffs' Motion to Compel Defendant the Return of ICOA Escrow Funds to Class Members.[2] Although each Motion seeks different relief, both Motions ask this Court to adopt the Sixth Circuit's recent holding in *In re Arctic Express, Inc.*[3] that escrow funds created under 49 C.F.R. § 376.12(k) constitute a statutory trust for the benefit of owner-operators and, as such, may only be set-off by those set-offs expressly provided for in the ICOA.

---

[1] Docket No. 514.

[2] Docket No. 517.

[3] 636 F.3d 781 (6th Cir. 2011).

Although not so captioned, Plaintiffs' Motions implicitly ask this Court to reconsider two prior findings: (1) that equity requires Plaintiffs' individual damage award to be offset by "debts legitimately owed to Defendant by individual Plaintiffs"[4] and (2) that Plaintiffs failed to try, and have thus waived, the argument that there had to be a separate accounting and a return of funds at the termination of the ICOA with the replacement of the RICOA.[5] Plaintiffs apparently believe that reconsideration is warranted by the recent announcement of the Sixth Circuit's *Arctic* decision.

As noted by the Tenth Circuit, "every order short of a final decree is subject to reopening at the discretion of the district judge."[6] And although this inherent power to review is informed by the long-standing rule that an issue decided should remain decided, this "rule is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power."[7] "Courts have recognized the general proposition that the decision whether to reconsider an earlier ruling is properly affected by the stage the proceeding has reached."[8] "Post-trial rulings are less likely to be reconsidered than earlier rulings."[9]

---

[4]Docket No. 358, at 4-5.

[5]Docket No. 528, Ex C, at 7-9.

[6]*Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (internal quotation marks and citation omitted); *see also* Fed.R.Civ.P. 54(b)("[A]ny order ..., however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").

[7]*Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir. 2007).

[8]WRIGHT & MILLER, FED. PRAC. & PROC. § 4478.1 (2011).

[9]*Id.*

In moving for relief, Plaintiffs rely heavily upon a recent Sixth Circuit decision that allegedly supports its previously rejected positions that Defendant is not entitled to any set-offs under the ICOA and that Defendant was required to return all escrow funds within 45 days of the termination of the ICOA. Plaintiffs contend that the *Arctic* decision is the first circuit level decision to adopt the argument that escrow funds created under 49 C.F.R. § 376.12(k) constitute a statutory trust for the benefit of owner-operators and must, therefore, be handled in strict compliance with the regulations and the express terms of the ICOA.

The Court finds that the *Arctic* decision fails to present the decisive and persuasive value ascribed to it by Plaintiffs. Although the *Arctic* decision is the first of its kind from a circuit court, the Sixth Circuit's *Arctic* decision adopts and affirms the reasoning of the district court—which reasoning was previously fully briefed to this Court but was ultimately rejected as unpersuasive.

Moreover, as stated previously by this Court, to allow Plaintiffs to exclude all set-offs for debts legitimately incurred would inequitably allow Plaintiffs to avoid just debts.[10] "To allow Plaintiffs to avoid legitimate debts to Defendant would be to impose punitive damages on Defendant and result in an unjustifiable windfall to Plaintiffs."[11]

Plaintiffs have failed to demonstrate that the Court's prior ruling rejecting these contentions was in error. It is therefore,

ORDERED that Plaintiffs' Motion to Exclude All Set-offs Asserted by Defendant Against Plaintiffs and Individual Class Members (Docket No. 514) and Plaintiffs' Motion to

---

[10]Docket No. 358, at 4-5.

[11]*Id.*

Compel Defendant the Return of ICOA Escrow Funds to Class Members (Docket No. 517) are DENIED.

The hearing set for August 26, 2011, is VACATED.

DATED   August 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge